

# United States Court of Appeals for the Fifth Circuit

**A True Copy**
**Certified order issued Jul 29, 2026**

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 26-50451

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2026

Lyle W. Cayce
Clerk

In re Amet de La Caridad Aldama Aleman,

*Movant.*

Motion for an Order Authorizing
the United States District Court
for the Western District of Texas
to Consider a Successive 28 U.S.C. § 2241 petition
USDC No. 3:26-CV-1383

## PUBLISHED ORDER

Before Jones, Ho, and Engelhardt, *Circuit Judges.*

Per Curiam:

Immigration detainee Amet de La Caridad Aldama Aleman, a native and citizen of Cuba assigned A# 241 734 364, filed this 28 U.S.C. § 2241 habeas corpus petition to challenge his detention. The district court determined it was a successive § 2241 petition and that Aldama Aleman had not first obtained this court's authorization to file it under 28 U.S.C. § 2244(b)(3)(A). The district court transferred the case here, and Aldama Aleman has filed a motion for authorization to bring a successive § 2241 petition.

While habeas corpus petitions arising under § 2241 are amenable to dismissal under the abuse of the writ doctrine, they are not subject to the

No. 26-50451

gatekeeping provisions of § 2244(b). *See* 28 U.S.C. § 2244(b) (limiting the gatekeeping procedure to petitions brought under 28 U.S.C. § 2254). The district court may raise abuse of the writ sua sponte. *McQueen v. Whitley*, 989 F.2d 184, 185 (5th Cir. 1993). If it does so, it should dismiss any claims raised in Aldama Aleman's second petition that he raised in his first as well. *See Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (per curiam). It should also dismiss any new claim that Aldama Aleman "could have raised in his first [petition], regardless of whether the failure to raise it earlier stemmed from a deliberate choice," *id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)), unless he "can show that a fundamental miscarriage of justice would result from a failure to entertain the claim," *McCleskey*, 499 U.S. at 494–95.

Because § 2244(b) does not apply to this petition, the transfer was improper. Consequently, IT IS ORDERED that the district court's transfer order is VACATED, the case is TRANSFERRED back to the district court, and the motion for authorization is DENIED AS UNNECESSARY.